IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00582 HG-01 |
| Plaintiff, | ) | |
| vs. | ) | |
| DENISE MEJIA, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 45)**

Defendant is currently incarcerated at the Federal Correctional Institute Victorville Medium II in California with a projected release date of December 24, 2023.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 45) is **DENIED**.

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v.

1

United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (I)  extraordinary and compelling reasons warrant such a reduction;
> ...
>        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented the request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A)   Extraordinary and compelling reasons

|     |     |
| --- | --- |
|     | warrant the reduction; or |
| (B) | The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned; |
| (2) | The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and |
| (3) | The reduction is consistent with this policy statement. |

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if she demonstrates:

(1) extraordinary and compelling reasons warrant a sentence reduction;

(2) she is not a danger to the safety of others or the community; and,

(3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

**C.   Extraordinary And Compelling Reasons**

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that

4

Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

(A) **Medical Condition of the Defendant.**–

  (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii) The defendant is—

   (I)   suffering from a serious physical or medical condition,

   (II)  suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

5

           in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
  (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

### I. PROCEDURAL HISTORY OF DEFENDANT'S FEDERAL DRUG CONVICTION AND PRETRIAL RELEASE VIOLATIONS IN 03-CR-00049 SOM-02

In January 2003, the grand jury returned an Indictment charging Defendant Mejia for her role in a three-person drug trafficking conspiracy in United States v. Denise Mejia, 03-cr-00049 SOM-02.

Defendant violated the terms of her bail. (ECF No. 31).

Defendant entered a residential treatment program but was

discharged for violating the program's policies.  (Presentence Report in 16-cr-00582 HG-01 at ¶ 50, ECF No. 34).

On March 10, 2004, Defendant pled guilty to one count of Conspiracy To Possess With Intent To Distribute And Distribution Of 500 Grams Or More Of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A).  (03-cr-00049 SOM-02 at ECF No. 106).

On October 17, 2005, Defendant was sentenced to 78 months imprisonment.  (Judgment in 03-cr-00049 SOM-02, ECF No. 179).

After serving her sentence, while on supervised release, Defendant had three positive tests for methamphetamine in 2010 and 2011.  (Presentence Report in 16-cr-00582 HG-01 at ¶ 50, ECF No. 34).  Defendant was discharged from supervised release on November 23, 2012.

## II. PROCEDURAL HISTORY OF DEFENDANT'S FEDERAL DRUG CONVICTION IN 16-CR-00582 HG-01 AND CURRENT TERM OF INCARCERATION

On September 28, 2016, the grand jury returned an Indictment charging Defendant, as follows:

**Count 1:**  Possession With Intent To Distribute 50 Grams Or More of Methamphetamine In Violation Of 21 U.S.C. §§ 841(a) and 841(b)(1)(A); and,

**Count 2:**  Conspiracy To Distribute And Possess With Intent To Distribute 50 Grams Or More Of Methamphetamine In Violation Of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A).

(United States v. Denise Mejia, 16-cr-00582 HG-01, ECF No. 34).

On March 10, 2017, Defendant pled guilty, pursuant to a plea agreement, to Count 1 in the Indictment.  (ECF Nos. 17-21).

Defendant's Presentence Investigation Report (ECF No. 34) reflected that at the time of sentencing Defendant was 47 years old, and she was in Criminal History Category III with a Total Offense Level of 29 and a guideline provision of 120 to 135 months imprisonment.  (Id. at pp. 2, 28).

The Court imposed a sentence of 76 months imprisonment, followed by 5 years of supervised release.  (Judgment, ECF No. 43).

### III. PROCEDURAL HISTORY OF DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND RELATED FILINGS

On July 7, 2020, Defendant, proceeding pro se, filed a Motion for Emergency Compassionate Release.  (ECF No. 45).

On July 8, 2020, the Court appointed counsel for Defendant to assist her in supplementing her Motion.  (ECF No. 47).

On July 22, 2020, Defendant, with the assistance of counsel, filed a Supplemental Memorandum in Support of Her Motion and an Errata.  (ECF Nos. 49 and 51).

On August 5, 2020, the Government filed its Opposition.  (ECF No. 54).

On August 10, 2020, Defendant filed her Reply.  (ECF No. 55).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Mejia is 50 years old.  Defendant is incarcerated at the Federal Correctional Institute Victorville Medium II in California.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver,   F.Supp.3d   , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

**I.  Medical Condition**

    **A.  Current Centers For Disease Control Standards And Defendant's Medical Concerns**

Defendant alleges that she has asthma, hypertension, and

obesity.  Defendant also states that she has kidney disease and hyperlipidemia.

The Centers for Disease Control ("CDC") has explained that, as of September 30, 2020, people with certain underlying medical conditions are at increased risk for severe illness from COVID-19, which include obesity.  (CDC Coronavirus Disease 2019 (COVID-19) Website, available at http://www.cdc.gov/ coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC AA refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, last visited 9/30/20).

The CDC has also stated that individuals "might be at an increased risk" for severe illness from COVID-19 when suffering from conditions including asthma and hypertension.  (Id.)

### B.   Medical Conclusion

Defendant is 50 years old.  The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age. Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk.  (https://www.cdc.gov/ coronavirus2019-ncov/need-extra- precautions/ older-adults.html, last visited 9/30/20).  Defendant's age does not place her in a category of increased risk of complications due to COVID-19.

Defendant has a history of asthma since childhood and she uses an Albuterol inhaler as needed.  (Presentence Report at ¶ 71, ECF No. 34; Bureau of Prisons Medical Records at p. 10,

attached as Ex. B to Def.'s Supp., ECF No. 53).  Defendant concedes in her Motion that she "controls her asthma with normal doses of inhalers.  As such, standing alone, her asthma conditions does not in itself qualify as a 'serious medical condition.'" (Def.'s Supp. Motion at p. 16, ECF No. 49).

Defendant also has a history of obesity.  (Presentence Report at ¶ 70, ECF No. 34).  As of January 3, 2020, Defendant was 5'7" and weighed 388 pounds.  (Bureau of Prisons Medical Records at p. 15, ECF No. 53).  The U.S. Department of Health & Human Services' Body Mass Index Calculator would conclude Defendant's Body Mass Index as 60.8 as of January 3, 2020.  The Court is concerned by Defendant's high Body Mass Index, but this factor alone is insufficient to support a finding of "extraordinary and compelling reasons" for immediate release.

A review of Defendant's Bureau of Prisons ("BOP") Medical Records demonstrates that she has been diagnosed with hyperlipidemia, hypothyrodism, and hypertension.  (BOP Medical Records at p. 10, ECF No. 53).  Defendant has been prescribed Atorvastatin, Furosemide, and Levothyroxine to treat these conditions.  (Id. at p. 13).  Defendant also has been prescribed Venlafaxine for depression, Oxcarbazepine for osteoarthritis, and Oxybutynin for a bladder disorder.  (Id.)

Defendant's Motion also states that she believes she has a chronic kidney condition.  Defendant, however, has failed to provide evidence that she suffers from such a condition.  The BOP medical records do not state that Defendant has a chronic kidney

condition. Rather, Defendant's attorney points to Defendant's eGFR (IDMS) test levels without providing an understandable medical explanation of the significance of the levels and any effect on Defendant. Defendant has not explained how her test levels negatively affect her ability to provide self-care while she is incarcerated.

Defendant's medical records reflect that her conditions overall have been managed while she has been incarcerated. The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP. (Def.'s BOP medical records attached as Ex. B to Def.'s Supp. Motion, ECF No. 53). Defendant has been prescribed various medications to treat her medical conditions and continues to have access to medical care. Conditions that can be managed in prison are not a basis for compassionate release. United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).

## II. Section 3553(a) Factors And Defendant's History and Characteristics

### A. History and Characteristics

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that she is not a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

12

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant Mejia is currently serving a term of imprisonment for her second federal felony conviction for her role as a member of a conspiracy to distribute large quantities of high purity methamphetamine in the community.

Defendant was 47 years old at the time of her sentencing and is currently 50 years old.  Defendant was in Criminal History Category III at the time of sentencing, and she has a long history of involvement with the criminal justice system.

Defendant has a history of convictions for assault and violating a restraining order involving her mother, Stephanie Rosario, dating back to 1995.  (Presentence Report at ¶¶ 37, 42, ECF No. 34).  Defendant has numerous convictions for Theft in Hawaii State Court.  (Id. at ¶¶ 38, 41, 51).  Defendant has also been convicted of providing false identification to a police officer.  (Id. at ¶ 44).

In 2005, Defendant was convicted in a prior drug trafficking conspiracy in federal court in United States v. Denise Mejia, 03-cr-00049 SOM-02.  While Defendant was on bail, she failed to comply with drug testing and used methamphetamine.  Defendant was placed in residential substance abuse treatment at The Salvation Army Women's Way, but she was discharged from the program for failure to follow the rules.  (Presentence Report in 16-cr-00582 HG-01 at ¶ 50, ECF No. 34).

While incarcerated for the 2005 federal conviction, Defendant received several misconduct violations. (Id.) Following her release, Defendant tested positive for methamphetamine while on supervised release on three occasions in 2010 and 2011. (Id.)

On March 20, 2015, Defendant attempted to cash a fraudulent check for $1,500 at a bank in Honolulu. (Id. at ¶ 51). Defendant was arrested and charged with Forgery in the Second Degree and Attempted Theft in the Second Degree in the Circuit Court for the First Circuit, State of Hawaii, Cr. 15-1-0441. (Id.)

Defendant remained in state custody after her arrest, but she was released to Sand Island Treatment Center after pleading to the charges on October 5, 2015. (Id.) Defendant was terminated from Sand Island Treatment Center on June 17, 2016, and absconded from custody. (Id.) As a result, a bail violator's warrant was issued and she was arrested on September 26, 2016, and placed back into state custody. (Id.)

While Defendant was in state custody, a federal grand jury indicted the Defendant in the current case for conspiracy and drug trafficking charges in federal court on September 26, 2016, United States v. Denise Mejia, 16-cr-00582 HG-01. A Writ of Habeas Corpus Ad Prosequendum was issued to transfer Defendant from state custody to federal custody to face the federal charges. (ECF Nos. 6 and 7).

At the sentencing for the charge for which she is currently

serving her sentence, Defendant's sentencing guideline range was 120 to 135 months imprisonment, and she was in Criminal History Category III.

The Court granted the Government's motion for downward departure and sentenced Defendant to 76 months imprisonment. Defendant's sentence was consecutive to any sentence imposed for the Forgery and Attempted Theft charges for which Defendant was convicted in Hawaii State Court in Cr. 15-1-0441.

### B.   Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. <u>United States v. Connell</u>,    F.Supp.3d.   , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020). The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public. <u>United States v. Barber</u>,   F.3d   , 2020 WL 2404679, *5 n.9 (D. Ore. May 12, 2020).

Defendant received a 76-month sentence. Her projected release date is December 24, 2023. According to the Government, Defendant has served approximately 30 months of her sentence, 40% of her term of imprisonment.

### C.   Appropriateness of Immediate Release

The Court finds that the nature and circumstances of Defendant's offense weigh in favor of her 76-month sentence. Defendant is currently serving a sentence for being a member of a conspiracy to distribute large quantities of highly pure methamphetamine in the community.

Defendant's history and characteristics also do not favor a reduced sentence.  Defendant was previously convicted in another federal felony drug trafficking conspiracy involving methamphetamine.  Defendant has a history of theft crimes as well as a conviction for assault.

Defendant has been given numerous chances for rehabilitation but has continued to commit a variety of crimes.  Defendant was in state custody for convictions of forgery and attempted theft when indicted for the crime for which she is currently serving her sentence.

## III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant has not established a basis for compassionate release because of her medical issues.  The record does not demonstrate that she is suffering from a terminal health condition or a condition that substantially interferes her ability to provide self-care while incarcerated.  Defendant has been able to manage her medical conditions while incarcerated. The record demonstrates that Defendant has received and continues

to receive appropriate medical care while incarcerated.

Defendant has served approximately 40% of her sentence with more than three years left of her 76-month sentence. Defendant is serving a sentence for her second felony drug trafficking conviction. Defendant's extensive criminal record, repeated lack of rehabilitation, and her overall poor record of behavior on supervised release demonstrate that she poses a danger to the safety of others and the community. Defendant's immediate release would not adequately reflect the seriousness of the offense, would not properly deter similar criminal conduct, and would not protect the public. The factors in Section 3553(a) do not support the immediate release of the Defendant.

## CONCLUSION

Defendant's Emergency Motion To Reduce Sentence Under The First Step Act (COMPASSIONATE RELEASE) (ECF No. 45) is **DENIED**.

IT IS SO ORDERED.

Dated: September 30, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States v. Denise Mejia, Crim. No. 16-00582 HG-01; **ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 45)**